CHITTENDEN,
*January,*
1840.

Suttons
*v.*
Tyrell.

---

JOTHAM BUSH, *v.* CORNELIUS P. VAN NESS.

A revocation of a power of attorney to convey lands is not required to be recorded in the town or county clerk's office, and, when it is so recorded, a certified copy from the town or county clerk is not legal evidence.

When a power of attorney, to convey lands and also to commence suits, is recorded, *quaere,* whether a certified copy from the record is evidence of any such authority to commence suits.

THIS was an action of trespass on the case, to recover of the defendant damages sustained by the plaintiff, as he alleged, in consequence of the defendant's having commenced and prosecuted, in the name of the plaintiff, without his knowledge or consent, two certain actions of ejectment in the circuit court of the United States, one of which was against *Aaron Pease and others,* and the other against the *town of St. Albans and others,* which actions were entered in said circuit court at a term thereof held at Windsor, in the dis-

trict of Vermont, on the 21st day of May, 1827, and the defendants, in those suits, recovered judgments for their costs, which judgments were, as the plaintiff alleged, paid by him.

Plea, not guilty—issue to the country.

Upon trial in the county court, the plaintiff offered in evidence the record of the judgments recovered in the circuit court, set forth in his declaration, and introduced testimony tending to show that he had paid those judgments.

The defendant also gave in evidence, two depositions of the defendant, taken to be used in a suit pending in Franklin county, in 1829, between the town of St. Albans and others and the plaintiff in this suit, which depositions tended to prove, that the defendant was employed by one Holloway Taylor, supposing him to be the agent of the plaintiff, to prosecute said suits in the circuit court; that he was not employed by the plaintiff, and that he never had any communication with the plaintiff relating to said suits. The defendant introduced several witnesses, whose testimony tended to prove that the plaintiff and said Taylor, at an early day—one witness said as early as the year 1800—were joint owners of lands in St. Albans, and that the plaintiff also owned lands there in severalty; that sundry suits relating to their lands were brought in the state courts, and some in the circuit court; that some of these suits were in the name of the plaintiff alone; that Taylor, in all these suits, appeared to be the acting man, kept the papers relating to the suits and exhibited them on trial; that these suits were brought after the year 1800; that the plaintiff was present, at times, and had knowledge of the suits; that afterwards Taylor and the plaintiff had a settlement and made a division of their property, but the date of the settlement the witnesses could not recollect; that Taylor became embarrassed in 1809 or 1810, and that the suits in the circuit court were ended in 1810; that Taylor was not the agent of the plaintiff and did not act as such, nor bring any suits for him after the division and settlement before stated. One witness thought that suits were brought in the state courts after 1810, but could not state positively.

The defendant also proved that Israel P. Richardson made out the writs in the suits complained of, but had no agency in them, after making the writs.

Tho plaintiff then offered in evidence, a copy of a power of attorney from the plaintiff to said Taylor, dated the second day of October, 1800, authorizing the said Taylor to sell, lease, or in any other way, dispose of any of the plaintiff's lands in said county of Franklin, and to act for the plaintiff relative to said lands in any proprietors' meeting, and to do all other acts and things for the plaintiff about and concerning said lands, &c. And also offered a copy of a revocation of said power of attorney, dated the second day of November, 1809, which power of attorney and revocation were severally signed and sealed by the plaintiff, witnessed by two witnesses, acknowledged before a justice of the peace and recorded in the records of the town of St. Albans, and said copies were severally certified, by the town clerk of St. Albans, to be true copies of the record. The defendant objected to the admission of these copies, but the court overruled the objection and they were admitted.

The defendant requested the court to charge the jury—

1. That if the defendant acted in good faith in commencing and prosecuting the suits, he was not liable.

2. That if they found that Taylor was the general agent of the plaintiff for a number of years previous to the commencement of the suits in the circuit court, it was incumbent on the plaintiff to show a revocation of the agency and a general notice of such revocation, or bring such notice home to the defendant.

3. That if they found that Taylor was, for a number of years, the agent of the plaintiff, and that the defendant was employed by Taylor, as the agent of the plaintiff, to prosecute suits during his agency, then notice to the defendant of a revocation must, in fact, be shown, and that the record of such revocation was not, in point of law, constructive notice.

4. That if Taylor acted, for a number of years previous to the commencement of the suits by defendant, as the plaintiff's agent, the jury had a right to presume that he so acted by the plaintiff's approbation and consent, and, if so, the acts of Taylor would be binding on the plaintiff.

5. That if they found that the suits in the circuit court were commenced by some other person, and that defendant acted only as counsel in court and in good faith, he was not

liable; and that evidence to that effect would not support the allegations in the declaration.

The court charged the jury, upon these points, that it was not enough for the defendant to show that he acted in good faith, merely, but that, if he commenced the suits by the direction of Taylor, professing to act as agent, he must show either that Taylor had authority from the plaintiff to institute the suits or, at least, that the defendant had sufficient reason, from the previous transactions of the parties, to suppose him to be duly authorized. As to the agency, the court charged that the parol evidence of Taylor's acts, as agent of Bush, previous to Nov. 1809, became unimportant upon the production of the power of attorney, which showed that, down to that period, Taylor was the duly authorized agent of the plaintiff, but that it further appeared that the power was then revoked; that, as a general rule, the power of an agent to bind his principal ceased when the agency was determined, but that notice was, in some cases, necessary; that, in the opinion of the court, the recording of the revocation was sufficient notice of the revocation to all who had not had dealings with Taylor in his character as agent; but, at all events, whether the defendant had had such dealings or not, if Taylor had not acted, or professed to act, as agent for the plaintiff, from 1809 or 1810, down to the year 1827, when the suits in question were brought, the defendant would, after that lapse of time, be bound to take notice of the revocation; that if they found that subsequent to that period Taylor had acted as agent of the plaintiff in instituting or conducting suits in the name or behalf of the plaintiff, either by authority from the plaintiff or with his knowledge and permission, they would find for the defendant; but that, if he had ceased so to act for the space of fifteen years or more, after the revocation, and before the bringing of the suits in question, no further notice of such revocation need be given by the plaintiff, and he was entitled to recover; that it was not necessary to show, in this case, that the defendant made the writs in the suits complained of, to enable the plaintiff to recover but that if he entered the writs in the circuit court, although they were made by another, and prosecuted them as the attorney of the party, he was liable, if he did not show a

justification for so doing.  The jury returned a verdict for <span>CHITTENDEN, Jaunary, 1840.</span> the plaintiff, and the defendant excepted.

*Hyde & Peck*, for defendant.

<span>Bush<br>v.<br>Van Ness.</span>

1. If the plaintiff acted only as counsel in court, and had no agency in commencing the suits and acted in good faith, he ought not to be made chargeable.  But, if liable at all, proof that he acted as counsel in court does not support the allegation that he commenced the suits.  *Stone* v. *Swift*, 4 Pick. 388.  The court, therefore, erred in not charging the jury as requested, on this point, and by charging that, if he entered the suits in the circuit court and prosecuted them as the attorney of the party, he was liable.

2. The evidence introduced by defendant, is sufficient to establish the agency of Taylor.  Swift's Dig. 328.  2 Kent's Com. 614.  5 East, 400.  This point was decided in this suit at the last term of this court.  This being shown, it devolved on plaintiff to show a revocation of this agency. When a fact, in its nature continuous, is shown, it rests on the adverse party to show its termination.

3. The copies of the power of attorney and of the revocation thereof, certified by the town clerk, were inadmissible to show a revocation, or for any other purpose.  The common law requires the original to be produced.  It is only when a conveyance of real estate " shall be made by virtue of any power of attorney," that the statute authorizes such power to be recorded ; and the recording of a paper, which the law does not require to be recorded, does not make a copy evidence.  The object of the statute is to place upon the record the whole evidence of a title to real estate, and the use of a copy, as evidence, should be strictly confined to the purpose for which the original is required to be recorded.  The copy may be read in evidence only " *when the original cannot be produced*," and "in the same manner as the copy of the deed made thereby."  The copy of the deed itself,had one been executed, could not be read in this case, since the parties to a deed must produce the original.  The copy of such power is only evidence in support of the deed and for all collateral purposes common law evidence must be produced.  Stat. 170, §9, 172, §2.  *Lessee of James* v. *Gordon*.  1 Wash. C. C. R. 333.  *Brooks* v. *Marbury*.  6 Peter's Cond. R. 223. 11 Wheat. 78.

4. Notice of the revocation was necessary ;—general notice to the community at large and actual notice to those who had dealt with the principal through the agent. Pothier on Ob. 334. *Spencer & White* v. *Wilson,* 4 Mun. R. 130. *Harrison's case,* 12 Mod. 346. *Salte* v. *Field,* 5 Term R. 211, *per* Buller J. 5 Kent's Com. 644. 18 Johns. R. 487.

5. The recording of the revocation is not, in point of law, notice. It might be constructive notice to any one who should subsequently take a deed of land executed by Taylor, in the name of Bush, but cannot have that effect for any purpose where a written authority is not necessary to enable the agent to bind his principal. It does not give that general notice which the interests and safety of community require. As well might a commercial partnership record their dissolution. It does not appear that Taylor himself ever had notice of the revocation of his powers.

6. The court erred in not instructing the jury, agreeably to the third request, that actual notice was necessary, should they find that the defendant had had previous dealings with Taylor as agent. On this point the charge is evasive and also erroneous in instructing the jury that the defendant would, after that lapse of time, be bound to take notice of the revocation. This instruction makes *lapse of time* notice in law, whereas it is but evidence, from which the jury might, or might not, presume notice. The evidence ought to have been left to the jury together with the defendant's affidavits, (which must all be taken together) that he supposed Taylor still authorized to retain him.

*Smalley & Adams,* for plaintiff.

I. That the defendant is liable in this action, unless he can show that Taylor was the legally authorized agent of Bush, has been settled by the previous decision of the court in this case ; but, if this question is to be again agitated the court, are referred to the cases of *People* v. *Bratt,* 6 Johns. R. 318. S, C. 7 Johns. R. 539. *Bratt* v. *Walton & Vanhorn,* 8 Johns. R. 230. *Hotchkiss* v. *Leroy & Rogers,* 9 Johns. R. 142. *Dunton & others* v. *Noyes,* 6 Johns. R. 296. Sellon's Prac. 17, 18. 1 Hovendon on Fraud, 42. *Wright* v. *Catsle,* 3 Mer. R. 12. 2 Cowen's R. 589. *Gorham* v. *Gale,* 7 Cowen's R. 739.

II. Copies of Bush's power of attorney to Taylor and revocation, were properly admitted as evidence.

1. This power of attorney was a deed. 2 Bl. Com. 296, in note. The *King* v. *Fauntleroy*, 9 C. L. R. 454. S. C. 2 Bing. R. 413.

2. It was a deed of land within the meaning of the 20th sec. of the act of 1797, ( stat. 414, 15) relating to town officers, and therefore properly recorded in the town clerk's office. The 9th sec. of the act of 1797, relating to conveyances, (stat. 170) clearly implies that a power of attorney may be recorded in the town clerk's office ; and the 2d sec. of the act of 1818 (stat. 172) excludes all deeds, made by virtue of any power of attorney, from being given in evidence, unless such power shall have been recorded in the office where such deed is recorded.

3. If the power of attorney was a deed relating to land and properly recorded, the revocation of that power was a deed relating to land and properly recorded. The revocation is incidental to and part and parcel of the power. The law reserves to the grantor, in a power of attorney which conveys no interest to the grantee, the power of revocation, (Paley on Agency, 155) and the exercise of this power of revocation must be attended with the same forms and solemnities as the original power. If the original power was by deed, the revocation must be by deed. Cald. on Arb. 31. Jac. L. D. title, Revocation. 4 Cruise, 210, title, 32, chap. 19, §43.

4. The certificate of the town clerk is legal evidence that the copies of the power of attorney and revocation were true copies. 1 Phil. Ev. 310. *Black* v. *Braybrook*, 3 C. L. R. 226. *Williams* v. *Wetherby*, 2 Aik. R. 336. 2 Saund. P. and E. 317. And office copies of deeds thus recorded have, in this state, always been admitted in all questions where the party producing them had not the custody of the originals. *Williams* v. *Wetherby*, 2 Aik. R. 336. The statute makes it the duty of the town clerk to record all deeds and conveyances relating to lands, and to give copies of such records, but there is no statute making such copies evidence. The uniform practice of this court has been, to admit office copies of all papers properly recorded, when the originals were not supposed by law to be in the custody of the party producing them, without any evidence that the party offering them could not produce the originals, and the act of 1797, allowing a power of attorney to be recorded, merely makes

CHITTENDEN, Jaunary, 1840.

Bush *v.* Van Ness.

office copies of the power evidence in the same manner as the copy of a deed executed by virtue of such power is evidence.

5. Granting that a certified copy of the record of the revocation is not evidence that Taylor's authority under that power was revoked, yet, as the fact of the revocation was proved by more than fifteen years *non user*, this record was proper evidence to prove the notoriety of such revocation, upon the same principle that notice in a gazette is evidence of the dissolution of a partnership or revocation of an agency, to all persons who had not had previous dealings with the parties in their capacities of partners or agents; and, in this case, it does not appear that the defendant ever had any dealings with Taylor in his character as agent, before his authority ceased. Paley on Agency 142, 143, 158. 1 Phil. Ev. 325. *Lansing* v. *Gaines & Ten Eyck*, 2 Johns. R. 300.

If publication in a newspaper would be evidence of notice of the dissolution of a partnership or the revocation of an agency, it would seem that the recording of a revocation in the town clerk's office ought to be deemed notice to the defendant of such revocation. If so, the certificate of the recording officer that there was such a record in his office was, *prima facie*, evidence of that fact.

The opinion of the court was delivered by

WILLIAMS, Ch. J.—To maintain this action against the defendant, the plaintiff was required to prove the commencement of the suits mentioned in the declaration, and that they were commenced by the defendant without any authority from him. For this purpose, the record of the judgment and the depositions of Mr. Van Ness were introduced. It apears that the writs, in the suits commenced in the circuit court, were made by Mr. Richardson, but were entered in court by the defendant. On this part of the case we do not discover but that the views of the county court were correct. In defence, it became important for the defendant to show the agency of Holloway Taylor, by whose directions he commenced the suits, or that Taylor was the owner of the lands sued for; for, if the title or claim was in Taylor, and Bush held the legal title for the benefit of Taylor, the authority of Taylor to commence

suits therefor would be implied. The defendant endeavored to show the agency of Taylor, and introduced testimony to show that he acted as agent. The plaintiff, to resist the inference arising from this testimony, introduced copies of a power of attorney from Bush to Taylor and the revocation thereof. The effect of this was to cut down the defence, and to show that those acts of agency, on which the defendant relied, were in pursuance of an existing authority at the time, but that such authority had ceased, and thus drive the defendant to show an authority after the date of the revocation. The copy of the record of the power of attorney, and that of the revocation, were objected to by the defendant, but admitted by the court. Having been admitted, they proved the authority and the revocation, and were so treated by the parties and by the court. No question was made whether it was necessary to prove notice of this revocation to the defendant, but it appears to have been considered as necessary to establish the fact of notice, and the attention of the court was drawn to the subject. It would seem that the fact, whether notice was given, would depend on the view which the court might take as to the necessity and effect of recording the power or revocation. If they were required to be recorded, the record was constructive notice to all; if not required, the record would afford no evidence of notice.

The question now arises whether the power of attorney and the revocation thereof were proved by the proper testimony, because there is no doubt that they had a material effect in determining the issue then tried.

The object of recording a power of attorney, authorizing a person to convey real estate, is to enable the party, deriving title through a deed executed by another, to show his authority, and without such record it would always be required, when the proof of the deed was in controversy, to prove the authority of the person executing it. For this purpose, the record is undoubtedly evidence. Whether if it contained an authority to commence suits or do any other acts in relation either to real or personal property, it would be evidence of such authority, may well be questioned. It is, however, unnecessary to settle this question, as the object of introducing it was, principally, to show the existence of an authority preparatory to showing that the authority was terminated by a

revocation. When the power of attorney was in evidence, it tended to show the fact for which the defendant was contending, to wit, the agency and authority of Taylor to commence and prosecute suits in the name of Bush. The next question which arises is, whether the copy of the record of the revocation of the power of attorney was admissible in evidence. The statute makes no provision for such record, nor could a statute very well make such provision ; and furthermore, if any attempt was made by statute for that purpose, it must be wholly ineffectual. The person who wishes to recall or revoke an authority given, executes an instrument in writing and delivers it to the person, against whose acts he is desirous of protecting himself, and whose power he wishes to terminate. It is, and must be, optional with the person thus receiving a revocation, to record it or not, and thus make public the fact, that his authority is countermanded. Taylor was not compelled to record this letter of revocation, and even if the revocation had been placed on the records of any town, unless the record of the revocation was coextensive with the power, and inserted on the records of every town where the authority granted could be exercised, it could not operate as notice of the revocation. When a power of attorney is revoked, the attorney can no longer execute any conveyance in the name of his principal, without being guilty of a crime, nor could the principal be affected by any acts or deeds of his, after the authority was terminated. The purchaser from him must see to his authority and protect himself by such covenants from the agent as he may deem for his interest, but can derive no better title from one having no authority to convey, than he could from a person having no title or shadow of title. The evidence, offered in this case to show the revocation of Taylor's authority, was improperly received by the county court, and for that reason their judgment must be reversed, as there was no other conclusive evidence to show that fact, and the jury may have formed their verdict upon the evidence which we consider as inadmissible.