Nash, J.
 

 It is not denied by the plaintiff, that, in this case, it was within the power of the defendant to put an end to his agency, by revoking his authority. Indeed, this is a doctrine, so consonant with justice and common sense, that it requires no reasoning to prove it. But he contends, that it is a maxim of the common law, that every instrument must be revoked by one of equal dignity. It is true an instrument under seal cannot be released or discharged by an instrument not under seal or by parol, but we do not consider the rule as applicable to the revocation of powers of attorney, especially to such an one as we are now considering. The authority of an agent is conferred at the mere will of his principal and is to be executed for his benefit; the principal, therefore, has the right to put an end to the agency whenever he pleases, and the agent has no right to insist upon acting, when the confidence at first reposed in him is withdrawn. In this
 
 *77
 
 case, it was not necessary to enable the plaintiff to execute bis agency, that his power should be under seal; one by parol, or by writing of any kind, would have been sufficient; it certainly cannot require more form to revoke the power that to create it. Mr. Stohy, in his treatise on agency, page 606, lays it down that the revocation of a power may be, by a direct and formal
 
 declaration
 
 publicly made known, or by an
 
 informal writing,
 
 or by parol; or it may be implied from circumstances, and he no where intimates, nor do any of the authorities we have looked into, that when the power is created by deed, it must be revoked by deed. And, as was before remarked, the nature of the connection between the principal and the agent seems to be at war with such a principle. It is stated, by Mr. Stohy, in the same page, that an agency may be revoked by implication, and all the text-writers lay down the same doctrine. Thus, if another agent is appointed to execute powers, previously entrusted to some other person, it is a revocation, in general, of the power of the latter. For this proposition, Mr. Stohy cites,
 
 Copeland
 
 v.
 
 The Marine Insurance
 
 Company, 6 Pick. 198. In that case, it was decided that a power, given to one Pedrick to sell the interest of his principal in a vessel, was revoked by a subsequent
 
 letter of instruction
 
 to him and the master, to sell. • As then, an agent may be appointed by parol, and as the appointment of a subsequent agent supersedes and revokes the powers previously granted to another, it follows, that the power of the latter, though created by deed, may be revoked by the principal, by parol. But the case in Pickering goes further. The case does not state, in so many words, that the power granted to Pedrick, was under seal, but the facts set forth in the case, show, that was the fact; and, if so, is a direct authority in this case. This is the onlypoint raised, in the plaintiff’s bill of exceptions, as to the Judge’s charge.
 

 We presume the motion intehded to be made by the
 
 *78
 
 defendant, with respect to the costs, was, that he should not be taxed in the bill, with more than two of the plaintiff’s witnesses, to prove each fact, necessary to sustain bis case. The act of 18S6,
 
 Rev. Stat. ch.
 
 31,
 
 sec.
 
 76, after providing that the person in whose favor judgment shall be given, shall recover his costs, further goes on to say, “ provided that the party cast, shall not be obliged to pay for more than two witnesses, to prove any single fact.” The practice upon this section of the law has uniformly been, not to throw upon the successful party, the payment of anj’’ of his witnesses, because he has testified to a fact, already proved by two others, provided he also proves some other material fact. His Honor has certified that such was the case here. The defendant’s motion was therefore properly over-ruled for this reason. Besides, this Court cannot undertake to review decisions upon such questions.
 

 The defendant’s motion to non-suit the plaintiff was properly over-ruled. The Legislature has limited the jurisdiction of the Superior Courts, in matters of contract, to all sums over sixty dollars, when due by open account, &c. and to one hundred dollars when due by bond, note, or liquidated account.
 
 Rev. Stat ch. 31, sec.
 
 40, and by the 42nd section, it provides, that if any suit shall
 
 be
 
 commenced in any Superior Court for a greater sum than is due, with an
 
 intent
 
 to evade the law, and by the verdict of a jury it shall be ascertained that a less sum is due to him, than the Superior Court has jurisdiction of, it shall be the duty of the Court to non-suit the plaintiff, unless he files an affidavit, that the sum, for which his suit is brought, is really due,
 
 but for want of proof,
 
 &c. he can. not make recovery ; in which case he shall have judgment for the sum ascertained by the verdict. In this case, the affidavit of the plaintiff, in the words of the act, was made and filed.
 

 Per Curiam. Judgment affirmed, on each appeal, and each appellant must pay the costs of his appeal.