## EVANS *vs.* FEARNE, CRENSHAW & CO.

1. A simple power from a principal to his attorney, authorising him to confess judgment in favor of a third person, which is unsupported by a consideration and is not given as a security for a debt, or to render a security effectual, until executed, is revocable at the pleasure of the principal.

Error to the Circuit Court of Morgan. Tried before the Hon. Sidney C. Posey.

THE plaintiff in error executed a power of attorney, of which the following is a copy: "Know all men by these presents, that I, Nathaniel Evans, of the county of Morgan and State of Alabama, do hereby constitute and appoint Benjamin A. Philpot or Thomas Price, they or either of them, my true and lawful attorney or attorneys, for me and in my name to confess judgment, at the April term 1849 of the Circuit Court of Morgan county, for the sum of thirteen hundred and twenty-five 46-100 dollars on a note, dated December 30th, 1847, and due one day after date, and payable to Fearne, Crenshaw & Co., and credited by payment on the — of July 1848 with $280 18, which amount appears in the copy of said note, the original being lost, sworn to by J. J. Donnegan—the said judgment to be confessed in favor of said Fearne, Crenshaw & Co. Hereby ratifying all that my said attorney or attorneys may do in my name in the premises. In testimony whereof,

I have hereunto set my hand and seal, this 6th October 1848. —Nathaniel Evans." The matters set out in the bill of exceptions appear in the opinion of the court.

Wm. Cooper, for plaintiff in error.

Edwin R. Wallace, for defendants:

1. A power of attorney is not revocable when it constitutes part of a security for money, or is necessary to give effect to such security, or when it is given for a valuable consideration. 2 Kent's Com. 505-7, 1st edit., and references; Tidd's Practice, 495.

2. If a power of attorney is revocable at all, for alleged error, the result would be, as in this case, that for a supposed trifling error, the whole debt would be postponed.

3. If an error can be noticed at all, it should be an error *clearly ascertained and established by proof.* In this case, the amount is vague, and no proof is offered.

4. Continuances are in the discretion of the court below, and will not be reviewed.

CHILTON, J.—The plaintiff in error having executed to Philpot and Price a power of attorney to confess judgment at the April term of the Morgan Circuit Court, in favor of Fearne, Crenshaw & Co., for the sum of $1325 46, on a note dated December 30th, 1847, appeared in court, when the judgment was about being confessed, and resisted its confession. He also introduced his written revocation of the power under his seal, which had been previously shown to his said attornies, and notice of which they had acknowledged. He further made an affidavit, the substance of which is, that in making the settlement so as to arrive at the amount due Fearne, Crenshaw & Co., and for which he had given the note specified in the power of attorney, a mistake had intervened for above the sum of one hundred dollars to his prejudice, and he thereupon prayed a continuance of the cause. The court refused to continue the case, or to consider the power of the said agents revoked, but permitted the judgment to be confessed by them for the sum of $1089 64, *balance due on said note in the power of attorney named, besides the further sum of*

*sixty-eight* 79-100 *dollars damages by way of interest, and the costs,*—which judgment was rendered in favor of Thomas Fearne, Ashley Crenshaw, James J. Donnegan, and William P. Atwood, merchants and partners, trading under the firm name of Fearne, Crenshaw & Co.

The general rule is, that the principal may annul or revoke the authority of his agent at pleasure. This of course is not gainsaid, but it is insisted that the power of attorney under and by virtue of which this judgment was confessed forms an exception to the rule, and that it was given as a security for money, or rather, is coupled with an interest, which renders it irrevocable. Did the instrument come within the category supposed, then it is clear it would not be revocable, but we cannot perceive how it can, unaided by extrinsic proof, be considered as coupled with an interest, or as a security for money. The authorities to which we are cited by the counsel for the defendants in error show that a *warrant of attorney* to confess a judgment is not revocable, and in such case, it is said, the court will grant leave to enter up the judgment, though the party does revoke it, (Bacon's Abr., Attorney, E.; Odes v. Woodward, 2 Lord Raym. 849; Tidd's Pr. 495); and were the instrument under which this judgment was confessed a warrant of attorney, then we should hold it not revocable. But it is not, in the sense in which such instruments are irrevocable. A warrant of attorney, strictly so called, "is an instrument in writing, addressed to one or more attornies, therein named, authorising them generally to appear in any court, or in some particular court, on behalf of the person giving it, and to confess judgment in favor of some particular person therein named, in an action of debt, and usually containing a stipulation not to bring any writ of error, or file any bill in equity, so as to delay him. This general authority is usually qualified by reciting a bond, which commonly accompanies it, &c.; and such instrument is given to the creditor as a security, and consequently is not revocable.—Bouv. Law Dic., War. of Atto.

The power of attorney before us is but a simple authority conferred by the plaintiff in error upon Philpot and Price to confess judgment, and before they exercised it, the party revoked the power. It is not shown that it was executed upon any consideration, or that it was given as security for any de-

mand, or to render a security effectual, and we think falls under the general rule of revocable powers. Walsh v. Whitcomb, 2 Esp. Rep. 565, is an instance of the execution of a power as part of a security. Walsh had assigned all his effects to one Barker, to whom amongst others he was indebted, and executed to him a power of attorney to collect the debts for the benefit of the creditors, with the power to appoint a substitute to act in his stead. He did appoint one, to whom Whitcomb paid the demand which he owed Walsh, and which passed by the assignment. Subsequently, however, to the assignment, but before the payment, Walsh appointed one Hindley his agent to collect these claims, who demanded payment of Whitcomb of the same demand he had paid to the substitute of the agent Barker. Lord Kenyon said, "There is a difference in cases of powers of attorney. In general, they are revocable from their nature, but there are these exceptions: Where a power of attorney is part of a security for money, there it is not revocable; where a power of attorney was made to levy a fine as part of a security, it was held not to be revocable; the principle is applicable to every case where a power of attorney is necessary to effctuate any security—such is not revocable."—2 Kent's Com. 643-4 (marg. page.) So it seems that to fall within any exception to the general rule, the power must constitute part of a security for money, or must be necessary to give effect to such security, or must have been given for a valuable consideration. The ground of this rule, which governs the exceptions, is, that a party ought not to be allowed to violate his solemn engagement, or to render ineffectual a security he had created, for that would enable him by his wrongful act to perpetrate a fraud on innocent persons, who have relied with implicit confidence upon him, which would be against the clearest principles of equity and justice.—Story on Agency, § 477.

In this case, however, as we before remarked, there is no consideration—no delay of suit contracted for upon the original demand. It is not even shown that the creditor is placed in any worse condition in consequence of relying upon the authority thus confered. It is but a simple power to two persons to confess judgment in favor of a third, disconnected from all negotiation between the debtor and creditor, and not shown

to have been supported by any consideration. Our conclusion is, that it furnished no warrant for the judgment rendered by the court below, and it must therefore be reversed.

PARSONS, J., not sitting.