## MARK N. ROBERTSON *v.* D. M. CLOUD.

1. BREACH OF CONTRACT—MEASURE OF DAMAGES.—If complete performance of a contract be prevented by either party, the other, who was able and willing to comply, shall be compensated in damages to the extent of making him whole. Friedlander v. Pugh, Slocumb & Co. 42 Miss. 111.

2. AGENCY—REVOCATION.—The revocation of an agency becomes operative as to the agent from the time it is actually made known to him; if by a letter, from the time the letter is received, and not from the time it was mailed.

3. JURY—JUDGE—VERDICT.—Where a jury is waived, and the cause submitted to the decision of the court, the supreme court will regard the conclusions of the court as equivalent to the verdict of a jury.

ERROR to the circuit court of Coahoma county. SHACKLEFORD, J.

The opinion of the court sufficiently states the facts of the case.

*Johnston & Johnston,* for plaintiff in error.

*Buck & Clark,* for defendant in error.

SIMRALL, J. :

Cloud, the defendant in error, was constituted an agent by Robertson, to sell a plantation in Coahoma county, on certain terms as to price and payment. Cloud, by active exertions, through correspondence and personal solicitation, found a purchaser who was willing to buy the property on the terms he was authorized to accept. If he should effect a sale, Robertson agreed to compensate him "liberally." The case in the circuit court was submitted to the judge on the law and facts. Without a separate finding as to the facts, a judgment was rendered in favor of Cloud for $350, which was $150 less than he claimed. The testimony was embodied in a bill of exceptions to the decision of the court denying a motion for a new trial.

The proposition made for Robertson in this court is, that compensation to Cloud was dependent upon a sale of the land, and inasmuch as Robertson had declined to sell for the $10,000, therefore, there has been no breach of his contract with Cloud.

The principal has a right to control the action of his agent by instruction, or he may at will, dissolve the relation altogether. But it is claimed for Cloud, that whilst his authority to negotiate a sale for $10,000, was operative, Carter, with whom he had been in treaty for some time, acceded to the terms and agreed to buy. And if Robertson, the principal, then interfered and declined to consummate the sale, the fault was not with the agent. The rule is, that if complete performance of a contract is prevented by one party thereto, the other who had complied, or was able and willing to comply, shall be compensated in damages to the extent of making him whole. The doctrine on this subject is stated and examined in Friedlander v. Pugh, Slocumb & Co. 43 Miss. and Vicksburg & Meridian R. R. Co. v. Ragsdale. (MSS. opinion.)

Cloud in his evidence, stated that Carter had agreed to buy, before he was notified by Robertson not to sell for the $10,000. If such was the fact, and the judge so accepted it as proved, and anything remained to be done by Cloud, then the case would be governed in principle by Friedlander v. Pugh, Slocumb & Co., and Cloud should secure compensation for partial performance, according to the terms of contract, and such damages as would legitimately result from the refusal of the plaintiff to permit a full performance.

The evidence shows that labor, time and money were expended by Cloud about this business. In one view of the testimony, all was done by him that well could be done.

The extent of the authority given to Cloud, and the service to be performed by him, was to negotiate a sale,

find a purchaser who would comply with the terms of sale. That was done by the agent. But it is said that Robertson wrote a letter at New Orleans to Cloud, two days before Carter wrote accepting the offer of the land, revoking Cloud's authority to sell for $10,000. There was testimony to the effect that Carter's letter agreeing to buy, was received by Cloud before the letter from Robertson revoking his agency or withdrawing the land from sale on the original terms. Robertson's letter was dated at New Orleans, two days prior to Carter's letter at Owl Creek, Virginia. But it may be true as stated by Cloud in his testimony, that the former was received first. The revocation of an agency to be operative must be made known to the agent, and becomes effective from that time as to him. Story on Agency, § 470. The relation between Cloud and Robertson would be dissolved on the receipt by the former of knowledge of the revocation, and not from the date of writing and mailing the letter. There is no parallel in principle and reason to that class of cases, where one man makes an offer to buy or sell property to another through the mail. In such cases, the writing and mailing promptly of a response accepting the offer, concludes the contract. The *agregatio mentium* has occurred. The parties have both assented to the bargain. The acceptance by the one of the terms proposed by the other, transmitted by due course of mail, closes the contract from the time of the acceptance. Adams v. Linsell, 1 Barn. & Ald. 681 ; Martier's admr. v. Firth, 6 Wend. 103 ; Taylor v. Merchants' Fire Ins. Co. 9 How. (U. S.) 390 ; Curtis v. Blair, 26 Miss. 322.

Where a jury is dispensed with, and the whole case is submitted to the court, this court should regard the conclusions of the judge on the facts in evidence, as it would the verdict of a jury. There was testimony to the point that Cloud had found a purchaser before he

was actually notified by his principal that the terms of sale had been changed, or his authority revoked.

We are of opinion that there is no error in the judgment.

*Wherefore it is affirmed.*