(91 South. 82)

**COOPER et al. v. COOPER et al.**
**(7 Div. 172.)**

(Supreme Court of Alabama. Oct. 20, 1921.)

**1. Appeal and error ⟨⟩747(1)—In absence of cross-appeal appellee's assignments not considered without appellant's consent or joinder therein.**

Under Code 1907, §§ 2637, 2638, as to right to appeal, and rule 3, Sup. Ct. Prac. (Code 1907. p. 1507), as to cross-assignments, appellee not having taken a cross-appeal, his assignment of error not joined in by appellants, may not be considered, in the absence of anything disclosing their consent thereto.

**2. Principal and agent ⟨⟩37—Generally power of attorney revocable at pleasure.**

Power of attorney to convey land may be revoked at pleasure, unless it is coupled with an interest in the land, or is founded on a valuable consideration, or is part of a security.

**3. Principal and agent ⟨⟩37—Methods of terminating agency under power of attorney stated.**

Agency under power of attorney may be terminated by agreement, by act of party or by operation of law.

**4. Principal and agent ⟨⟩37—Power of attorney under seal revocable by parol.**

A power of attorney to convey land, even if under seal, is revocable by parol, the seal under Code 1907, § 3356, being unnecessary.

**5. Principal and agent ⟨⟩38—Notice of revocation of power of attorney generally necessary.**

Generally, to render effectual termination of power of attorney by act of the principal, notice must be given those to be affected by it.

**6. Principal and agent ⟨⟩151(3)—Where authority is special, notice to third persons of termination unnecessary.**

Where authority under power of attorney is special and confined to doing a single act, termination thereof by the principal is effectual against third persons, though they do not have notice.

**7. Principal and agent ⟨⟩31—Authority exhausted by doing act authorized.**

Authority under power of attorney simply to sell certain land is exhausted by the attorneys in fact when they expose it at public sale, and it is there sold, so that, though they refuse to convey to the purchaser, they cannot thereafter sell to another.

**8. Principal and agent ⟨⟩37—Powers of attorney revocable, though in terms irrevocable.**

Power of principal to revoke at pleasure authority under power of attorney is not affected by the authority being expressed in the writing to be exclusive or irrevocable.

**9. Principal and agent ⟨⟩37—Statute does not prevent revocation of power by parol.**

Nothing in Code 1907, § 3360, permitting powers of attorney to convey to be proved or acknowledged and recorded in the same manner as conveyances prevents revocation by informal writings or by parol or by implication from facts or circumstances.

**10. Principal and agent ⟨⟩24—When revocation is question for court and when for jury stated.**

Whether the question of revocation is one of law or one of fact for the jury must be tested by the rule governing the giving of the affirmative charge.

**11. Ejectment ⟨⟩90(2)—Deeds to defendant in connection with evidence of revocation of power of attorney admissible.**

The deed to plaintiffs in ejectment being by attorneys in fact of tenants in common, deeds from some of such principals to defendant in connection with evidence of previous revocation by them of the power of attorney are material and competent.

**12. Principal and agent ⟨⟩147(3)—Special authority held to put on inquiry one dealing with attorney in fact.**

In view of the peculiar nature of the limitation or special authority, in a power of attorney to sell the principal's interest in certain land, that sale should not be made to other than the heirs of the deceased for less than a certain sum, one dealing with the attorneys in fact was put on notice or inquiry of the existence or effect of the authority.

**13. Principal and agent ⟨⟩151(3)—If power need not be recorded, revocation need not.**

Where statute does not require recording of power of attorney, revocation need not be recorded to impart notice.

**14. Appeal and error ⟨⟩1061(4)—Giving affirmative charge without request harmless.**

Giving the affirmative charge without request for plaintiffs for a certain interest and for defendants for a certain interest is harmless, where the bill of exceptions shows that such were the respective interests of the parties.

Appeal from Circuit Court, De Kalb County; W. W. Harralson, Judge.

Ejectment by John F. Cooper and others against Joseph Cooper and others. Judgment for the plaintiffs for part of the land, and for the defendants for part of the land, and plaintiffs appeal. Affirmed.

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

William Cooper owned about 200 acres of land in DeKalb county, and died leaving a wife, but no children. About a year later the wife died, and the land descended to the eight brothers and sisters, five of whom were living and the other three being dead, but leaving heirs. The plaintiffs are the heirs and children of Francis Cooper,. who died in 1915. It seems from the record that J. H. Cooper and W. K. Cooper procured power of attorney from all the heirs in the latter part of 1910 to sell the land, Joseph Cooper in his power of attorney by restricting the sale of the land to a sum not less than $1,-600, unless it was sold to all the legal heirs jointly. The land was put up and advertised for sale, and Joseph Cooper bought the land, but the Coopers, holding the power of attorney, refused to deliver the deed after making it, and sold the land to Francis Cooper at a private sale in 1913. Francis Cooper's heirs, or plaintiffs, are claiming under the private sale, while the defendants are claiming under the first sale.

J. Wylie Logan, of Birmingham, for appellants.

The objection to the introduction of the deed from Mrs. Cheney to Joseph Cooper should have been sustained. 31 Cyc. 1304, 1305, 1639; 219 Pa. 113, 67 Atl. 999; 122 Mass. 484. The deed from J. A. Cooper to Joseph Cooper should not have been admitted in evidence. 202 Ala. 477, 80 South. 861; 125 Ga. 153, 53 S. E. 1008; 6 Ky. Law Rep. 657. Francis Cooper was within the limitation of the power of attorney. 9 Cyc. 586; 39 Ala. 461; 26 Ala. 272. Francis Cooper was a bona fide purchaser, without knowledge of the revocation. 202 Ala. 477, 80 South. 861; 135 Ala. 622, 33 South. 832, and authorities supra.

J. A. and Joseph Cooper, pro se.

The defendants attempt to cross-assign errors,' and on this base their argument; but they cite no authority.

THOMAS, J. The action, in the nature of ejectment, resulted in a judgment in favor of plaintiffs for an undivided five-eighths interest in the land sued for, and in favor of defendants for an undivided three-eighths interest therein. The appeal was only taken by plaintiffs.

[1] Appellees did not take a cross-appeal, and may not assign error upon the record without appellants' consent or joinder in appellees' assignment of error. Code, §§ 2837, 2838; rule 3, Sup. Ct. Prac. Code, p. 1507. The attempted assignment of error by appellees is not considered in the absence of appellants' consent.

"When there are cross-appeals in the same cause, there shall be but one transcript, upon which each appellant may assign errors. If the appeal be taken by the party or parties on one side ·only, the appellee can only assign errors upon the record brought up by the appellant, by consent of the appellant in writing indorsed on the transcript, or a joinder by the appellant in such assignment of errors. When such assignment and joinder are made, the clerk shall docket the case, as if an appeal had been taken by such appellee; and the transcript shall be a part of the record in the case wherein errors are thus assigned by the appellee, as well as in the original case; and the case in which the appellee thus assigns error shall, in all respects, be regarded as a case on appeal taken by him." Rule 3, Sup. Ct. Prac. Code, p. 1507; Golden v. Golden, 102 Ala. 353, 14 South. 638; Page v. Francis, 97 Ala. 379, 11 South. 736; Ketchum v. Creagh, 53 Ala. 224; Kirksey v. Hardaway, 41 Ala. 330.

The appellees' assignment of error is not treated as effective in appellants' brief, disclosing a consent that such assignment of error be considered. Patten v. Swope, 204 Ala. 169, 85 South. 513; Johnson v. L. & N. R. Co., 204 Ala. 662, 87 South. 158.

Mrs. Chaney, as a witness for defendants, having testified that she was a "one-eighths heir of the land of the estate of William Cooper, deceased," the common source of title, and had executed the power of attorney to J. B. Cooper and W. K. Cooper theretofore introduced in evidence by plaintiffs, was shown "a paper purporting to be a cancellation" of her said power of attorney, and testified that she so revoked said power of attorney. Thereupon plaintiffs offered in evidence said revocation, and the court reserved ruling on plaintiffs' objections thereto. The transcript does not specifically declare that the court later excluded it or ruled upon its admissibility. However, it is in evidence that she had revoked the power of attorney, and by the writing offered in evidence, which was, or should have been, admitted in evidence on proper predicate for its introduction. Thereafter the court admitted in evidence the deed of Mrs. Chaney to Joseph Cooper, dated August 16, 1913, and that of J. A. Cooper to Joseph Cooper dated July 30, 1913. The objections of plaintiffs to introduction in evidence of such revocation and conveyances were that the same are illegal, incompetent, and it was not shown that the contents of the instruments were communicated to or known by said attorneys in fact at the time of their execution, or attempted execution, of the power by conveyance of the lands to Francis Cooper on August 13, 1913. The bill of exceptions is not entirely clear as to the exact date of the delivery of the conveyance. The testimony of J. B. Cooper was that the land "did not sell on February 15, 1913," the date on which defendants aver in their pleading Joseph Cooper purchased same at public outcry from and by J. B. Cooper and W. K. Cooper, the attorneys in fact for certain of the joint tenants. On

the question of the sale, a material and relevant fact, the bill of exceptions is silent.

[2] At this juncture it is well to consider written "powers of attorney" to convey land or do some other act in the name of his principal, sometimes called common-law powers. By the execution of such "powers of attorney" the title to the land passes by the conveyance made, by reason "of the fiction that it is the conveyance of the principal," and is effective "only by reason of the fact that the principal, the donor of the power, retains the title to the land until the execution of the conveyance" by his agent. 1 Tiffany, Real Prop. (2d Ed.) p. 1048. The right and power of revocation by the principal, which may be exercised at pleasure (Story .on Agency [9th Ed.], §§ 462, 476) is "based on the theory that one making a conveyance of land may create an executory interest in favor of himself as well as in favor of another" (1 Tiffany, p. 1049), unless the power be coupled with an interest in the land or founded on a valuable consideration, or is part of a security, where such power is irrevocable whether so expressed or not (Cronin v. Am. Sec. Co., 163 Ala. 533, 50 South. 915, 136 Am. St. Rep. 88; Chambers v. Seay, 73 Ala. 372; Story's Agency, § 477 et seq.; 110 Am. St. Rep. 856; 8 Eng. Rul. Cas. 593–595).

[3] In short, the termination of the relation of such agency may take place (a) by agreement, when the agency is limited to some definite object or for some specified time; (b) by the act of the principal or agent; and (c) by operation of law. If by the acts of a party, it is where there is revocation by the principal, or a renunciation by the agent. Termination by operation of law takes place by efflux of time or by the expiration of the period, or by the occurrence of the event to which it was limited, or by change of state or condition of the principal or agent (bankruptcy, insanity, etc.), or by the death of either party, or by the "natural cessation of the power, in consequence of the extinction of the subject-matter, or of the principal's power over it, or by the complete execution of the power." Story's Agency (9th Ed.) § 462, p. 579 et seq.; Hall v. Wright, Ellis, Blackburn & Ellis (Eng. Comm. R.) 746, 749; Freeman's Notes to 47 Am. Dec. 343; 7 Notes on Am. Dec. 250; 110 Am. St. Rep. 858, 863. The termination of such agency may be considered under (1) the right of revocation; (2) the manner of revocation; and (3) the notice necessary to make the same effective, (a) as to the agent, and (b) as to third persons dealing with such agent.

[4] Under his discussion of termination of an agency, Mr. Mechem (volume 1 [2d. Ed.] §§ 613, 614, 616, 623) observed the manner of revocation by the principal that it may be done by solemn instrument under seal or by an informal writing not under seal, or by public and formal announcement or proclamation, or by simple and private declaration, or may be inferred or implied from the circumstances. Story, p. 586. What circumstances will or will not amount to revocation or notice thereof by implication cannot be stated with certainty, and must depend upon the facts of the case. The mode to be adopted and deemed sufficient is to be determined largely "by considering the object with which an authority is revoked," whether the revocation was coextensive with the degree to which, by length of time or widespread operations or publicity of appointment, the knowledge of the authority has been disseminated and adapted to the particular means by which dissemination was effected—by acts amounting to a revocation, expressed or implied, consistent with the particular facts of the case. 110 Am. St. Rep. p. 863; Stark v. Starr, 94 U. S. 477, 24 L. Ed. 276. A revocation under seal of a power to sell and convey land—a naked power not coupled with an interest or part of the security—may be made at any time before the sale is made, and is not necessary even where the authority was conferred by deed; and a parol revocation will suffice (Copeland v. Merc. Inc. Co., 6 Pick. [Mass.] 198); particularly so when the seal upon the power to be revoked was superfluous and not required by law. Code, § 3356; Brookshire v. Brookshire, 30 N. C. 74, 47 Am. Dec. 341, 345. See U. S. v. Jarvis, Dav. 274, 287, Fed. Cas. No. 15,468; Henderson v. Hydraulic Works, 9 Phila. (Pa.) 100; 2 C. J. 538; 21 R. C. L. 886.

[5, 6] In order to render effectual the termination of authority by the act of the principal, notice of it must, as a general rule, be given to those parties who are to be affected by it; and these parties are the agent himself (as affecting the power to act or his right of compensation) and those who, from knowledge of his authority, or previous dealings with him, would be likely to deal with him in good faith in ignorance of the termination of the agency and upon the strength of previous authority. This is another application of the maxim of the law that, where one of two innocent persons must suffer, he shall suffer who by his confidence or silence or conduct has misled the other. Sou. St. Fire Ins. Co. v. Kronenberg, 199 Ala. 164, 74 South. 63. If the notice of revocation to the agent is given by letter, as affecting his right of compensation, it takes effect from the time the agent receives it, and not from the time it was mailed. Sayre v. Wilson, 86 Ala. 151, 158, 5 South. 157; Robertson v. Cloud, 47 Miss. 208. As affecting the rights of third persons, the acts of a former agent within the scope of his original authority will, notwithstanding its revocation, continue to bind the former principal to those third parties to whom the agent has been thus accredited,

and who deal with him in good faith in justifiable reliance on his former authority, until due notice of its revocation has been given in the manner required by the circumstances of the case. Wheeler v. McGuire, 86 Ala. 398, 5 South. 190, 2 L. R. A. 808. A distinction, with respect to third persons, is made between the case in which the authority was "general" and continuous, and the case in which the authority was "special" and confined to the doing of some specific act that is exhausted when done. Mechem, § 628; Sou. St. Fire Ins. Co. v. Kronenberg, supra; Wheeler v. McGuire, supra. In the latter case the termination of such authority by the act of the principal is effectual as against third persons, whether they have or do not have notice, since the general rule is that one who deals with a special agent is bound to ascertain the nature and extent of his authority. Wheeler v. McGuire, supra; Dixie Ind. Co. v. Atlas Lbr. Co., 202 Ala. 562, 81 South. 64. See, also, Dadeville U. W. H. Co. v. Jefferson F. Co., 194 Ala. 683, 69 South. 918; Morgan v. Harper (Tex. Civ. App.) 219 S. W. 888, 890. Of this Mr. Mechem says:

"An authority created for the performance of a specific act exhausts itself in the accomplishment of the purpose for which it was created. No such presumption of continuity can arise from the existence of authority for the performance of a single act, as naturally arises from the existence of authority for a continuous course of dealing;" the general rule being that "no notice is required to be given to third persons of the termination of the authority of a special agent after the special authority has been executed." Sections 629, 740, 741, and notes.

[7] If the attorneys in fact (J. B. and W. K. Cooper) did expose the land to sale and it was sold to Joseph Cooper, the special authority from those of the heirs at law of William Cooper, deceased, who had not revoked the power of the attorneys in fact to sell the land was exhausted by its sale. The attorneys in fact thus bound their principals, whose recourse is to enforce the terms of such sale as affecting their respective interests in the land. Those of the joint tenants who had theretofore effectively revoked the power to sell are not bound by such sale, but may, at their election, ratify the same.

[8] In consideration of the legal effect of the attempts at revocation, adverted to in argument and not set out in the record or fully explained in the evidence, it may be remembered that in this jurisdiction the general rule is (save in the exceptional cases) that a principal has power to revoke the authority of his agent at his pleasure, with or without reason, even where it is expressed in the writing to be exclusive or irrevocable. Evans v. Fearne, 16 Ala. 689, 50 Am. Rep. 197; Chambers v. Seay, supra; Union Ref. Co. v. Barton, 77 Ala. 148; Henderson v. Vincent, 84 Ala. 99, 4 South. 180; Bailey v.

Smith, 103 Ala. 641, 15 South. 900; Cronin v. Amer. Sec. Co., supra; Hutto v. Stough, 157 Ala. 566, 47 South. 1031; Jackson v. Parrish, 157 Ala. 584, 47 South. 1014; Alexander v. Smith, 180 Ala. 541, 61 South. 68; 31 Cyc. 1294. See, also, 110 Am. St. Rep. 855; 8 Eng. Rul. Cas. 595.

[9] We do not mean to determine that powers of attorney to sell lands may not operate as an estoppel in favor of innocent purchasers. The statutes providing for conveyances of land to be in writing, executed and acknowledged, and the recordation thereof, contain the further provision that—

"Powers of attorney, or other instruments conferring authority to convey property, or to enter satisfaction of mortgages or other liens, may be proved or acknowledged, and recorded, in the same manner, and must be received as evidence to the same extent, as conveyances." Code, § 3360.

It is noted that such power is not required to be recorded. Touching this statute, it was held in Goree v. Wadsworth, 91 Ala. 416, 8 South. 712, that a power of attorney executed in Texas, and certified in proper form to have been there acknowledged before an officer who styles himself "J. P. and ex officio notary public," etc., and given under the hand and seal of such office, and upon which was impressed his notarial seal, etc., was admissible as evidence. Dawsey v. Kirven, 203 Ala. 446, 449, 83 South. 338, 7 A. L. R. 1658. It is nowhere held that the statute requires that revocations of powers of attorney to sell land shall be formally executed, acknowledged, and recorded; nor is it held that any provision of the statute prevents revocations by informal writings, or by parol, or by implication from facts or circumstances having that effect.

[10] The proof of such fact must be made at the trial under the rules governing the introduction of evidence. Whether the question of revocation vel non is a question of law or fact for the jury must be tested by the rule governing the giving of the affirmative charge. McMillan v. Aiken, 205 Ala. 35, 88 South. 135.

[11] There was no error in the admission of the deeds from J. A. Cooper to Joseph Cooper. And in the light of the testimony of Mrs. Chaney of her previous revocation of the power of attorney to J. B. and W. K. Cooper in 1910, her deed to Joseph Cooper was material and competent evidence, and no reversible error was committed in admitting the same.

[12] The power of attorney from Joseph Cooper to Julius B. and W. K. Cooper, authorizing them to sell his interest in the land on condition or under express limitation that they would not sell to any person, or persons, or corporation, "other than the legal heirs" of William Cooper, deceased, "for a less sum than sixteen hundred ($1,600.00) dollars," of

date December 31, 1910, contained no period of time within which the power should be exercised. The peculiar nature of the limitation or special authority sought to be given the attorneys in fact was sufficient to put on notice or inquiry those dealing with the attorneys in fact of the existence or effect of the authority of said agents in the respects indicated; and, coupled with the subsequent unequivocal acts of revocation or repudiation of authority or agency on the part of Joseph Cooper the oral charge, to which exception was reserved, was free from error.

[13] The conveyance, or attempted conveyance, by the principals indicated (signed as grantors by Francis Cooper and wife, Mary Cooper, the same parties who gave a power of attorney in the first instance) to Francis Cooper, was that of the several undivided interests in the common property by the grantors' brothers and sisters or their children. We are not prepared to say that any rule of notice to said grantee, one of the joint tenants, of revocation of the power of attorney, by other of the joint tenants, under the facts disclosed by the record, was required to have been given to such grantee. The statute did not require the power of attorney to be recorded and a revocation of the same is not required to be recorded to impart notice of revocation. Bush v. Van Ness, 12 Vt. 83.

[14] Assignments of error challenge the action of the court in giving the affirmative charge in favor of the plaintiffs for an undivided five-eighths interest in said land, and of defendants, for an undivided three-eighths interest in the land. Though the record fails to disclose a specific request in writing by the parties that the court so charge as to the respective interests, no reversible error was committed, since the instant bill of exceptions discloses that such were the respective interests of the parties litigant; and, if error, it was without injury. Jackson v. Vaughn, 204 Ala 543, 86 South. 469, and authorities there collected.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.