YATES, Judge.
On December 8,1994, Lone Star Insurance Company filed an interpleader action, seeking to have the court determine who was the proper beneficiary under a $100,000 insurance policy that Joan Blair Carlisle had purchased on her life in 1982. The complaint named William F. Carlisle (“the husband”) and Anna W. Blair (“the mother”) as defendants. The husband filed a cross-claim *234 against the mother, asserting that he was the true beneficiary. The trial court granted the interpleader and dismissed Lone Star from the action. Both the husband and the mother moved for summary judgments; the court granted the husband’s motion and denied the mother’s motion. The mother appeals. This case was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala. Code 1975.
In September 1993, Carlisle underwent an operation to remove a brain tumor. After the operation, Carlisle transferred to a rehabilitation hospital; before she was discharged, her physicians told the husband and the mother that Carlisle needed 24-hour supervision. After she was discharged, Carlisle stayed at her mother’s home, where she remained until her condition deteriorated to such an extent that she again required hospitalization. After several weeks in the hospital, Carlisle died on November 20,1994.
When Carlisle purchased the insurance policy in 1982, she named the husband as the beneficiary. The policy states: “You may name a new beneficiary by filing a written request with us_ Your change of beneficiary request will not be effective until recorded by us at our Home Office. Once recorded, the change will be effective as of the date you signed the request.”
On July 21,1994, Carlisle gave her mother a nondurable power of attorney, the validity of which is not at issue. The mother contacted Lone Star and requested a change of beneficiary form. On August 2, 1994, the mother filled out the form, changing the beneficiary from the husband to herself, and sent the form to the company. On August 15, 1994, Lone Star wrote a letter to the mother stating that it was unable to record the beneficiary change without a copy of the power of attorney. On September 6, 1994, the probate court, on the husband’s petition for letters of conservatorship and guardianship, found Carlisle to be incapacitated. It appointed the mother as Carlisle’s physical guardian and appointed the husband as the conservator of Carlisle’s finances and estate. Lone Star’s records reflect that the power of attorney was received on August 26, 1994, and the change of beneficiary was recorded on October 12,1994.
In reviewing the disposition of a motion for summary judgment, we use the same standard as the trial court in determining whether the evidence before it presented a genuine issue of material fact and whether the movant was entitled to a judgment as a matter of law. Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala.1988); Rule 56(c), Ala.R.Civ.P. When the movant makes a prima facie showing that there is no genuine issue of material fact, the burden shifts to the nonmovant to present substantial evidence creating such an issue. Bass v. South-Trust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). Evidence is “substantial” if it is of “such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). This court must review the record in the light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412, 413 (Ala.1990).
The trial court held that the mother had failed to present substantial evidence creating a genuine issue of material fact because, it says, the facts were undisputed: (1) that the power of attorney was invalid after September 6, 1994, the date on which the probate court found Carlisle to be incapacitated; and (2) that the mother had knowingly submitted this invalid power of attorney to Lone Star to effect the change in beneficiary. Although we agree that the power of attorney was invalid after the probate court found Carlisle to be incapable of managing her affairs, Cooper v. Cooper, 206 Ala. 519, 91 So. 82 (1921), we cannot hold that fair-minded persons would be unable to infer reasonably that the change in beneficiary had been effected before the judgment of Carlisle’s incapacity.
The record contains a copy of the power of attorney date-stamped by Lone Star “Received Aug 26 1994” — 11 days before the probate court adjudged Carlisle to be incapacitated. However, the record also contains *235 a copy of a letter from Lone Star dated September 21, 1994, to the mother stating that it had not received a copy of the power of attorney it had previously requested and that it was returning the change of beneficiary form. Whether the mother submitted the change of beneficiary form and a copy of the power of attorney after receiving this letter is not clear. Her testimony in this regard is somewhat contradictory. These discrepancies, we believe, create a genuine issue of material fact regarding the validity of the change of beneficiary. Accordingly, we reverse the judgment and remand the case for further proceedings.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
ROBERTSON, P.J., and CRAWLEY, J., concur.