Mr Justice Washington
 

 delivered the opinion of the Court.
 

 The plaintiffs instituted an action of debt under the statute of Virginia, in the circuit court of the district of Columbia, for the county ,of Alexandria, against Jacob Hoffman and the defendant upon a bill of exchange drawn by the said Hoffman, and dated the 3d of January 1824-. The declaration charges, that the said Jacob Hoffman and George Johnson were partners in the business of buying,.curing,, and selling pork and bacon,
 
 and earned on their said co-partnership, business under the name and firm of Jacob Hoffman,
 
 and that the bill of exchange on which the' suit is brought, was drawn in the name of Jacob Hoffman,, for and on account .of the said'firm, and was sold to the plaintiffs, who caused it to be presented for acceptance; and that the same was.duly protested for non-acceptance and-non-payment; of which due notice was given to the defendants, .the drawers. The writ being returned “ no inhabitant,” as to Hoffman, the suit abated against him.
 

 . From the evidence disclosed in a bill of exceptions, taken by the plaintiffs to the opinion of the court, the case appears to be as follows. - .
 

 On the 10th of December 1823, Jacob Hoffman and the defendant entered into articles of corpartnership under their . respective signatures, to commence and prosecute, on joint account, duiing that winter, the business of purchasing, salting up, and smoking pork. The funds necessary to the accomplishment of the objects, intended to be borrowed from the banks, or otherwise, npon the paper of ¡the said George. Johnson to be indorsed by Hoffman, or in such other shape, as respected the paper of the parties, as might be found most suitable to the object intended; Johnson, agreeing, in consideration of the extraordinary trouble and experience which Hoffman would devote to the purchase, and
 
 *193
 
 putting up of the pork, to pay two-thirds of the interest arising, or growing out of the loan which should be made for the business contemplated. It was further stipulated, that the business should be., carried on as far as the parties should agree, and could command the funds; and that the profits and loss should be equally divided between them'. No name or style is agreed upon under which the husiness of the concern was to be transacted; hut evidence was given, that after the parties commenced. their operation under these articles, the books of the concern Were kept, and the bills and accounts were made out at ,their warehouse, where the pork was cured and kept, in the joint names of Hoffman & Johnson, and never otherwise;,and that'they continued to be so kept apd made out until, the pork was sold. They were generally known in .Alexandria as partners in buying, curing, and salting pork, under the name and style of Hoffman & Johnson, in which they acted in relation to the business-of-the concern, and adver' Red in .the newspapers.
 

 It further appears, thaty-besides the business, of this concern, and during the same period,. Hoffman carried on the business of’a sugar refiner, of a buyer, sal ter and seller of beef, and of a tobacconist; and the defendant tl^at of a grocer, and commission merchant, in the town of Alexandria.'
 

 Notwithstanding what has been stated ás to the name by ‘ which this firm was known in Alexandria, and in which they , did business at their warehouse, it seems Jhat one particular branch of business was conducted solely by, and in. the name of Hoffman alone. In December 1823, an account was opened in the bank of Alexandria, which the cashier understood from both Hoffman and-the defendant, yvas to comprehend both the cash deposits Of the said concern in that bank, and the proceeds of notes therein discounted to raise money for the use of the firm. This account was opened on the 3d of the month just mentioned, into which . a trifling balance against Hoffman upon his private account, before kept at that bank, was transferred. This new account was so kept that no money could' have been drawn out of the bank, upon that account, exeept upon the check
 
 *194
 
 of Hoffman, in whose name alone all the checks were drawn. Hoffman had likewise long standing accounts, in his o,wn ñamé in two other banks in Alexandria, which were continued in the same .name after this concern was formed $ in which accounts all cash deposits in those banks respectively, and the proceeds of notes therein discounted,. tó raise cash for the use of the concern, were entered. These latter bank accounts comprehended, indiscriminately, all'the deposits and cash kept by Hoffman in those banks, as well as the' deposits and cash of the joint concern.
 

 The partnership between these gentlemen, which com-mencéd on the 10th of December 1823, was. dissolved by mutual consent, on the 21st of the succeeding month ; under an agreement, by which, Hoffman contracted to pay all the debts due by the firm, the defendant binding himself to give the use of his name, either as drawer or indorser, in the renewal of all notes then existing, until the bacon should be sold.
 

 On the 30th of January 1824, the bill of exchange on which this suit is brought, was drawn by Jacob Hoffman in hisipwn name, and, as .he states in his deposition, on . his individual.responsibility,, in order,to-enable him to ^aise money to comply with his part of the above contract, and in particular, to enable him to discharge a note for
 
 $6000
 
 which had been drawn by the defendant, indorsed by John H. Ladd
 
 &
 
 Co. and Jacob Hoffman, and discounted at the bank of Alexandria. With much difficulty, and after great personal exertions by-Hoffman, arid with the aid of a letter from Mr Colt in favour of his mercantile standing, he succeeded in selling this bill to the plaintiffs,, the proceeds of which he immediately applied to the discharge of the above note for
 
 $6000.
 
 In his .negotiations with the plaintiffs the name of the- defendant was never mentioned.
 

 As a part of the evidence- here detailed is taken, from the deposition of the before mentioned Jacob Hoffmam which was offered by the defendant’s counsel, it will be proper, in the first place, to dispose of the objection maije to the competency of this, evidence. The offer tó read the deposition, * was preceded by the exhibition of a release executed and
 
 *195
 
 delivered by the defendant to the witness prior to his examination. It does not appear that any objection was, or Could be made to the form of the release; and the only question is, whether, in. point of law, the defendant could by any release render Hoffman a. competent witness.
 

 It is to. be premised, that the only ground upon which the objection can be rested, is the supposed interest of the witness in the eveftt of the cause, since the suit having regularly abated as against Hoffman, by the return that he was no inhabitant, he was no more a party to it than he would have been, had 'his name been altogether omitted in the declaration. ,
 

 'As to the objection upon the score of interest, it is.- sufficient to remark, that it was manifestly hostile to the party in whose favour he testified, and who offered it in evidence; ., since, if the plaintiffs recovered against- Johnson, and obtained Satisfaction from him, that would be a bar to their action against Hoffman, and the release of Johnson protected him against any action which Johnson might.bring against him for. contribution or otherwise.
 

 •The general rule of law, in relation to. witnesses who are interested in the event of. the cause, goes no farther, than to exclude them from giving evidence in favour of that party to whom their interest inclines them. If they stand, in point of .interest, indifferent between the litigating parties, or if they testify against their interest, the reason of the rule which excludes their testimony, no longer exists"
 

 We come now to the instructions to the jury, asked for by the plaintiffs’ counsel, and which the court refused to give. The first is, that if the jury believe from the evidence, that the defendant and Jacob Hoffman entered into the article's- of co-partnership offered in evidence, and that an account was kept for the said concern in the bank of Alexandria, in-the name of Hoffman, in which the notes-discounted for the use of the partnership, and deposits of money on partnership account, were entered to the credit, and., checks drawn for the same, in the said Hoffman’s name, and that the said Hoffman drew the bills mentioned in the declaration, and sent them to New .York to be sold, for the
 
 *196
 
 purpose of raising money to pay. certain notes which hdd ■ been discounted in the bank of Alexandria on partnership account, some of them drawn by said Hoffman, and indorsed' by the defendant or other persons, and others- drawn by the defendant, and indorsed by Hoffman ór others, and that’the same was sold to’thé plaintiffs,' and the proceeds, thereof applied «by said Hoffman to the payment of the said notes; then the plaintiffs'are-entitled to recover, unless the defendant can show.-a dissolution of co-partnership, and notice thereof,-either, public, or to: the plaintiffs, before the bills, were sold, or that the.said bills were not drawn on partnership account, but on the individual responsibility of Hoffman.
 

 The second instruction which the court was called upon to give, is substantially .the same as the first, except that it omits a circumstance much relied upon in the argument, that the-bank account of the concern Was kept in the name of Hoffman, upon whose checks alone the money was drawn oiii.
 

 The third instruction states, that if the jury should believe from the -evidence, that the¡ defendant and Hoffman sometimes used, in relation, to-the business of the concern, the name and style of Jacob-Hoffman, as representing the firm, .and that the bill in question .was drawn in that name by the said Hoffman, and negotiated'for the purpose of raising funds to pay notes due by, the said concern; then the plaintiffs were entitled to recover, unless the defendant could prove that,the said bill was not drawn and negotiated on partnership account, but on account of the said Hoffman alojne, or that the partnership was dissolved,-and the.plaintiffs notified thereof, or the' dissolution advertised before the bills were drawn and negotiated.
 

 In support of this action,, it has been argued by the counsel for. the plaiptiffs, that ihe bill in question was drawn in die name of the.firm under which the partnership concerns of Jacob Hoffman and George Johnson were .transacted; that it was drawn on partnership account, and that the proceeds of the. bills were in fact, applied by Hoffman to the discharge of a debt due by the concern.' These being the facts, it is insisted that the court below ought to have complied1'with
 
 *197
 
 the prayer of the plaintiffs’ counsel,' and instructed the jury, that if they were so understood by them, the plaintiffs were, entitled to recover. And if this stateftient of the facts be correct, and the instructions asked for had been so framed as to present them fairly to the jury, this court entertains no doubt hut that such instructions should have been given.
 

 It is well settled, that if a bill of exchange be drawn-by one partner in the name of the firm, or if a bill drawn on the firm by their usual, name and style, be accepted by one of the partners, all the partners are bound; It results necessarily from the nature’of the association, and the objects for which it is constituted, that each partner should possess the power to bind the whole, when acting in the name by which the partnership is known, although the consent of the other • partners to the particular contract should not be obtained, or should even be withheld. Were it otherwise, the affairs of the concern could with difficulty be carried on; and these persons could seldom, if ever, know, when they might safely deal upon the credit of the firm. It follows, that such third persons are not,bouftd to inquire, much less to assure themselves that the partner with whom they are contracting is acting on the partnership account, or for his own individual advantage.. The interest of the partner in the joint stock of the concern and his consequent authority to use their name, raises a presumption that the contract was made for joint account, which is'sufficient to bind the.firm, unless the contrary be shown and that the person with whom’ the partner deals, had notice or reason to believe, that the former was acting on his separate account.
 

 It is now to be seen how these principles of law apply to the case under consideration
 

 It is quite clear, that the name of this firm is no where designated in the articles of copartnership which have been referred to. The mode in which a particular branch of their •business was to be conducted, cannot reasonably be .construed to give a name.to the firm. It manifestly had no allusion to that subject. The stipulation- that the ffinds necessary for. the purposes of the concern should be raised upon the paper of Johnson, to be indorsed by Hoffman, or
 
 *198
 
 in such other shape as might be found most suitable to the object of the partiés, no more designated. Jacob Hoffman, than it did George Johnson,' as the name of the copartnership. If it did, then the name would be lost or changed, as often as the parties should agree to raise funds- for the con-» cern in some other mode than the one specified. It .is unnecessary to decide whether the omission -to agree upon a partnership name in the body of the instrument was, or was not supplied by the signatures of the contracting parties to it, because it was in full and uncontradicted proof, that after the concern went into, operation under the articles, their books-were kept, and the bills, and accounts relating to their business were made out at their warehouse, in the joint names of Hoffman.& Johnson, by which name the firm was generally known in Alexandria, and in which they acted in relation to the. business of the concern, and'advertised in the newspapers. Now it cannot be questioned, but that a name thus assumed, recognized and publicly used, became the legitimate name, and style of the firm, not less so, than if it had been adopted by the articles of copartnership.
 

 Kefeping in mind the principles of. law which have been stated, and the fact or the evidence of it; in relation to the name of this concern, it will not be difficult to decide the question, whether the instructions asked for by the plaintiffs ought,, or ought not to have been given. It is obvious that -the court was required by the two first of them, either to assume the fact that Jacob - Hoffman & George Johnson carried on their business as partners under the name and firm of Jacob Hoffman': or to lay it down as law to the jury, that it is competent to one partner to bind the copartnership by a bill drawn iff his individual name,, even after a dissolution of the partnership, if that fact was not advértised or known to the person taking the bill; provided,the object of the partner who draws and negotiates the bill, be to. discharge certain debts due by the concern, and the proceeds are afterwards so applied.
 

 Now the fact which the courfwas called'upon to assume, was all important to be proved to entitle the plaintiffs to recover. It is averréd in the declaration, and is in. point of
 
 *199
 
 law the foundation of the plaintiffs’ demand against the defendant Johnson. But what right had the court to assume a fact which was not warranted by any just interpretation of the articles of copartnership, or of any other written instrument which was given in evidence, but which, if it existed at all, was tó be deduced from the parol evidence, of which the. jury were alone competent to judge “?
 

 The court was not called .upon to predicate the conclusion of law upon the fact that the defendant and Hoffman traded under the name and firm of Jacob Hoffman ; if that fact should be so found by the jury, — and unless it was so. found, it is quite dear that the bill in question, although drawn for the purpose before mentioned, and although the proceeds were so applied, did not bind the defendant, and consequently, the. court was right in refusing to give these instructions in the form in which.they were propounded,— unless the fact was that which all. the instructions assfime, and which formed the basis of the plaintiffs’ argument before this court; the plaintiffs contracted in point of law, as they manifestly did in fact, with Jacpb Hoffman alone, and upon his sole responsibility, and the use which Hoffman intended to make or did make, of the proceeds of the biJI, was quite. ■ as. unimportant tó them and to their cause, as it would have been, had they contracted with Hoffman & Johnson, under the name of their firm.
 

 As to the necessity of bringing home to the knowledge of. the plaintiffs, in one of the modes stated in the instructions asked for, the.dissolution of the co-partnership, in order to prevent their recovery against Johnson; we are all of opinion, that it did not exist in. point of law, unless, in point of fact, the bill was drawn in the name of. the firm. We admit that if one of the partners contracted in the naipe of his firm with a. third person, after the partnership is dissolved, but that fact not made public or known by such third person, the law considers the contract as being made with the firm and upon their credit, and this for a, reason too obvious tó require explanation. But if. the partner deal with another in his individual.name, and upon his sole responsibility, without even an allusion to the partnership, as the jury would
 
 *200
 
 have been well warranted in .concluding the facts' to be in this case, it was unimportant to that other to know that the partnership was dissolved,; since he was dealing, not with the firm, and upon their credit, but with the individual with whom he was contracting, and'upon his credit.
 

 It only remains to notice the single point of difference between the last, and the two preceding instructions. These, as has before been noticed, assume the fact that the partners carried on the business of the concern under the name and style of Jacob Hoffman. That places the plaintiffs’ right of recovery, upon the circumstance, that the defendant and Hoffman sometimes used, in relation to the business of the conqern, the name and style of Jacob Hoffman, as representing the firm, in connection with the other facts stated in the preceding instructions.
 

 ■But would the court have béen warranted in stating to the jury, what .this instruction manifestly purports; that whatever may be the name agreed upon by the partners, arid- in which They, generally act,-in relation to the business of the concern, still', if they have sometimes-osed, in that relation,.the name and style of one of the partners, bills drawn in that name, and negotiated for the purpose stated in the instruction, would bind the other partner1? We clearly think not. The circumstance relied updn in this instruction,' as to what the partners sometimes did, was no doubt proper to be left to the jury, as evidence conducing to maintain the averment in the declaration, that Jacob Hoffman and the defendant carried on-business as partners in trade under
 
 the
 
 name of Jacob Hoffman; if the court had been called upon to leave that as a fact to the jury. But -it was nothing more than evidencé of that fact, upon which it would have been highly .improper in the court to predicate any principle of law whatever. This point we conceive was fully settled in the dase of Townsley vs. Sumrall, decided a few days ago by this court, ante page 170.
 

 We are, upon the wtjole, of opinion that the court below was right in refusing, to give any of the- instructions prayed for; arid that the judgment of that court ought to be affirmed With costs.