SECOND NAT. BANK OF ALLENTOWN *v.* POTTIER & STYMUS MANUF'G CO.

(*Superior Court of New York City, General Term.* October 25, 1888.)

1. CORPORATIONS—ACCOMMODATION PAPER—AUTHORITY OF TREASURER—ESTOPPEL—IN PAIS.

Where the treasurer of a corporation has for a number of years, with the knowledge and consent of his principal, signed and indorsed business paper in its name, such corporation is estopped to deny the treasurer's authority to indorse an accommodation note to a purchaser for value, who relied upon these transactions as evidence of his authority.[1]

2. SAME—AUTHORITY OF TREASURER—EVIDENCE.

In an action on an accommodation note indorsed to plaintiff by defendant's treasurer, evidence that at the time of the indorsement plaintiff was told that it was the defendant's regular indorsement, is admissible to show plaintiff's knowledge of the agent's apparent authority to indorse.

On exceptions from jury term.

Action by the Second National Bank of Allentown on an accommodation note indorsed by the Pottier & Stymus Manufacturing Company to plaintiff. The action was tried before a judge and a jury. The judge directed the jury to render a verdict for defendant, and further directed that plaintiff's exceptions be heard in the first instance at the general term.

Argued before SEDGWICK, C. J., and TRUAX, J.

*Martin & Smith* and *Geo. A. Strong*, for plaintiff. *Frederick M. Littlefield*, for defendant.

---

[1] As to the estoppel of a corporation to deny its liability on contracts of which it has received the benefit, see Williams v. Lumber Co., (Wis.) 40 N. W. Rep. 154, and note. In general, as to the power of an officer of a corporation to bind the latter by acts within the apparent scope of his authority, see Railroad Co. v. Grove, (Kan.) 18 Pac. Rep. 958, and note; Banking Co. v. Cheatham, (Ala.) 4 South. Rep. 823.

TRUAX, J. The action is against the defendant, a corporation, as indorser of a promissory note. It was, in fact, indorsed by one Ingersoll, the treasurer of the defendant. On the trial the defendant denied that Ingersoll had authority from it to indorse its name. The plaintiff proved that for many years Ingersoll had signed the name of the defendant as maker of notes, and had indorsed its name upon notes to the knowledge of defendant, the defendant recognizing its liability in these instances. This was proof that, at the time of these instances, Ingersoll acted as agent of defendant, with authority to bind it. This agency, upon the facts in the case, was presumed to continue to the time of the endorsement of the note in suit. The form of the indorsement is the same as that previously used by Ingersoll. Ingersoll, being the authorized agent to sign and indorse and transfer, bound the defendant, by any express or implied representation by him, that the conditions which limited his power, as between the defendant and himself, had been complied with. Authority to one to act for another need not be conferred in words. Such authority may be inferred from the course of business and employment, and from the fact that similar actions of the assumed agent have been acquiesced in by the principal as done by his authority. But the defendant contends, and the evidence tends to show, that the note in question is an accommodation note, and that an authority to indorse an accommodation note cannot be inferred from the fact that the alleged agent had the right to indorse business paper. This contention cannot be sustained. It is not necessary, in order to authorize the inference of general agency, that the person who has assumed to act as agent should have done an act the same *in specie* as the one on which the alleged principal is sought to be held. If he has usually done things of the same general character and effect with the assent of his principal, it is enough. *Bank* v. *Norton*, 1 Hill, 501. This authority to act for another, which is inferred from appearances, operates only by way of estoppel, and takes the place of real authority only when some person has acted upon the appearances, (*People* v. *Bank*, 75 N. Y. 548,) and has in good faith parted with value. It therefore became necessary for the plaintiff to show that it had parted with value, and that it had knowledge of the apparent authority of Ingersoll to indorse the note in question in the name of the defendant. Evidence was offered which tended to show that plaintiff had parted with value. The plaintiff then attempted to show that, at the time it discounted the note in suit, its president was told that the indorsement on the note was defendant's regular indorsement; that is, that Ingersoll was authorized by the defendant to indorse notes for it. This evidence was excluded by the court, and the plaintiff duly excepted. This ruling was erroneous. It is not necessary that the appearances on which plaintiff acted should arise from transactions had between the plaintiff and defendant. It is sufficient that there were transactions from which the authority of Ingersoll to act as defendant's agent in indorsing the note in suit could be inferred, and that plaintiff had knowledge of these transactions. This court has lately held that where a corporation has in many instances recognized that one of its officers was its agent, competent to sign its name in certain manner, it is estopped from taking, against a holder for value, the position that such an officer had not the power to sign its name in that manner. *Bank* v. *Security Co.*, 53 N. Y. Super. Ct. 367. The case now before us is to be distinguished from the case of *Bank* v. *St. Anthony's, etc., Church*, 109 N. Y. 512, 17 N. E. Rep. 408, in which case the plaintiff failed to establish or to give evidence which raised a presumption that the notes in question were the authorized obligations of the defendant. It is true that the plaintiff in that case did prove that the notes were signed by the president, secretary and treasurer of the defendant, and that said officers constituted three of the five members of defendant's board of trustees, but the defendant proved that the notes were signed by the officers of the defendant, acting separately, and at the same time or place, or while assembled as a board of trustees. It was

held in that case that "the trustees had no separate or individual authority to bind the corporation, and this, although the majority or the whole number [of trustees] acting singly, and not collectively, as a board, should assent to the particular transaction. This principle  *  *  *  is  *  *  *  expressly applied to the action of trustees of religious corporations by the act of 1813, which declares that 'a majority of the trustees, being lawfully convened, shall be competent to do and perform all matters and things which such trustees are authorized or required to do or perform.'" But this very case is an authority, by implication, for the principle that the authority of the agent to bind his principal may be inferred from other similar transactions; for it is said: "A presumption has never been indulged to sustain an allegation that an unsealed contract, executed by officers of a corporation, in its name, was a corporate obligation, unless authority was implied from the nature of the office, or from previous similar dealings recognized by the corporation, or a ratification was shown. When a agency is once lawfully constituted, the agent may, in some cases, bind the principal by a false representation that a particular transaction, of the same general nature with that authorized, is within the power conferred, when in fact it has never been authorized, and was a fraud upon the power." An officer of a corporation may, by the conduct of its directors or managers, be invested with capacity to bind the corporation by acts beyond the powers inherent in his office. Thus when, in the usual course of business, an officer of a corporation has been allowed to manage its affairs, his authority may be implied from the manner in which he has been permitted to transact such busines. *Bank* v. *Security Co.*, 53 N. Y. Super. Ct. 367. In such case the officer's authority does not depend so much upon his title, or on the theoretical nature of his office, as on the duties he is in the habit of performing. *Bank* v. *Bank*, 7 Atl. Rep. 318. It is true that one who deals with an officer of a corporation is presumed to know the extent of his power to bind the corporation. But when an officer of a corporation has made, in the name of the corporation, what purports to be the contract of the corporation, and this contract is upon its face one that the corporation has authority to make, and its only defect consists in some extrinsic fact, such as the purpose or object for which it was made, such contract is binding upon the corporation, and the person with whom the contract is made is not bound to inquire as to such extrinsic fact. See *Bank* v. *Bank*, 16 N. Y. 129, 130; 4 Amer. & Eng. Cyclop. Law, 227, and cases there cited. Since this case was argued before us, the supreme court in the Fifth department, in an action brought against the above-named defendant on a state of facts similar to the facts in this case, has held the defendants as indorsers.[1] The plaintiff's exceptions are sustained and a new trial is ordered, with costs to abide the event.

[1] Bank v. Manufacturing Co., 1 N. Y. Supp. 483.