(79 South. 33)

## GEORGIA CASUALTY CO. v. MASSEY.
### (6 Div. 743.)

(Supreme Court of Alabama. April 18, 1918. Rehearing Denied May 30, 1918.)

**1. INSURANCE �köö35—INSURANCE COMPANY—AGENT TO SIGN LEASE—JURY QUESTION.**

In an action for rent against a casualty insurance company, whether the person who signed the lease contract for the company and subsequently indorsed it was the manager of the corporation's business, clothed with authority to make the lease and to indorse it, *held* for the jury.

**2. CORPORATIONS �köö426(1) — AGENT FOR CORPORATION—RATIFICATION.**

The acts of persons assuming to represent a corporation, within the line of its business, though without authority, may bind the corporation, if the act be subsequently ratified, expressly or by acquiescence, or by failure to repudiate.

**3. CORPORATIONS �köö426(1)—AGENTS OR OFFICERS OF CORPORATION—RATIFICATION.**

Acts of agents or officers of a corporation, if within the scope of the charter powers, are binding on the corporation.

**4. CORPORATIONS �köö409 — MANAGER OF FOREIGN CORPORATION—IMPLIED AUTHORITY.**

The general manager of a mercantile business carried on by a foreign corporation has implied authority to execute and renew leases as to the property necessary for carrying on the business, such as a storehouse, land, etc.

**5. CORPORATIONS �köö409 — MANAGER OF CORPORATION—AUTHORITY TO LEASE.**

The general manager of a corporation has implied authority to lease a storehouse belonging to the corporation for the term of one year.

**6. INSURANCE �köö35 — LEASE BY AGENT FOR INSURANCE COMPANY — LIABILITY OF COMPANY.**

A casualty insurance company might well have been liable for the rent of premises leased by its general agent, though the agent remained in possession of the premises after the formal formation of a branch office of the company in the city by it.

**7. TRIAL �köö191(3) — INSTRUCTION — ASSUMPTION OF PROOF.**

In an action against a casualty insurance company for rent under a lease signed by its agent, the charge that if the jury believed that the company had no knowledge or notice of the assumption, or attempted assumption, of the unexpired lease for it prior to its being brought to the notice of its assistant treasurer that such assumption, or attempted assumption, was unauthorized as far as the company was concerned, and that, immediately on learning of it, the company notified plaintiff that the assumption, or attempted assumption, was unauthorized, and that it would not be bound by it, verdict must be for defendant, though thereafter defendant paid the rent, or part of the rent, was properly refused, as misleading and as assuming as proven matters in dispute.

**8. CORPORATIONS �köö521—ACTIONS—INSTRUCTION—MISLEADING CHARACTER.**

In such action, the charge that, unless the jury believed that A. was the authorized agent of the casualty insurance company, with power to assume for it the unexpired term of the lease introduced in evidence, verdict must be for the company was properly refused, since it was not necessary for the agent to have had specific authority to assume payment of the unexpired term, as the company might have ratified his act.

Appeal from Circuit Court, Jefferson County; John H. Miller, Judge.

Action for rent by Richard W. Massey against the Georgia Casualty Company. From judgment for plaintiff, defendant appeals. Transferred from the Court of Appeals under Act April 18, 1911, p. 449, § 6. Affirmed.

The facts sufficiently appear. The following charges were refused to defendant:

(5) If you believe from the evidence that the A. J. Arrant General Agency continued in possession of the leased premises after the creation of the Birmingham branch of defendant, your verdict must be for defendant, although you may also believe from the evidence that such premises are occupied in part by defendant in the conduct of its business.

(7) If you believe from the evidence that defendant had no knowledge or notice of the assumption, or attempted assumption, of the unexpired term of the lease for it prior to its being brought to the notice of the assistant treasurer, and that such assumption, or attempted assumption, was unauthorized so far as defendant is concerned, and that, immediately on learning of it, defendant notified plaintiff that such assumption, or attempted assumption, was unauthorized, and that it would not be bound by it, then your verdict must be for defendant, although you may further believe from the evidence that thereafter defendant paid the rent, or part of the rent, for the premises.

(8) Unless you believe that A. J. Arrant was the authorized agent of defendant, with power to assume for it the unexpired term of the lease introduced in evidence, your verdict must be for defendant.

(9) Under the undisputed evidence the indorsement on the lease signed in the name of the Georgia Casualty Company was not binding on defendant.

Percy, Benners & Burr, of Birmingham, for appellant. Harsh, Harsh & Harsh, of Birmingham, for appellee.

MAYFIELD, J. Appellee sued appellant for two monthly installments of rent due for the lease of certain premises in the city of Birmingham. The defendant pleaded the general issue and specially the statute of frauds. To the special pleas the plaintiff filed a general replication, and two special ones, as follows:

"(2) The obligation sued on is for rent growing out of the lease of lands, tenements, or hereditaments, and the defendant was put in possession thereof by the plaintiff, and a part of the purchase money, to wit, a part of the rent provided for by said lease and by said contract, was paid by the defendant.

"(3) The defendant, after knowledge of the said contract sued on, continued in possession of the said premises and paid a part of the rent provided for by said lease and by said contract sued on, and ratified the said contract sued on."

Demurrers were sustained to replication 3, but overruled as to replication 2. The trial on these issues resulted in a judgment for the plaintiff, from which judgment the defendant appeals.

The lease contract was made by one Arrant, who signed and covenanted as "General Agency," and as "President." It appears that Arrant was conducting an insurance business in the city of Birmingham, and representing the appellant insurance company, among

⊙☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

other insurance companies. The collecting department of the defendant company did occupy space in the rented premises from its inception, but the defendant claims that this was under a separate contract with Arrant. The plaintiff, on the other hand, contends that the lease was to, and made by, Arrant, for the defendant. The defendant insists and contends that Arrant had no authority to bind it, in leasing the premises, at the date of the lease, while plaintiff claims that he did. On November 1, 1915, the following indorsement was made upon the original lease contract:

"Birmingham, Alabama, Nov. 1, 1915.

"For and in consideration of the possession and occupancy of office room No. 220 N. 21st Street, Birmingham, Alabama, named in the within lease contract, as our Birmingham, Alabama, Branch Office, now therefore for and in consideration of said possession and occupancy of said office room named above, we, the Georgia Casualty Company, a corporation of Macon, Ga., do hereby obligate ourselves to pay the monthly rentals of said premises from the first day of November, 1915, to the expiration of said within lease contract and comply with all the terms of said lease contract.

"Signed as of date first above written. [Signed] Georgia Casualty Company of Macon, Ga., by A. J. Arrant, Mgr. Birmingham Branch."

A number of the installments of rent were thereafter paid by the defendant company, it having in the meantime established a branch office and business in Birmingham; and Arrant, being its manager for this branch office and business, and having as such signed the indorsement quoted, was served with process in this suit, and on such service defendant appeared and answered.

There was ample evidence without dispute to warrant the finder of the facts to find that Arrant was the defendant's agent for the purpose in hand, and that it was not necessary for him to have special instructions as to executing either the original lease or the indorsement, so as to bind the defendant corporation, notwithstanding the express denial of the agent that he had such authority or had ever been authorized to execute leases or indorse the one in question.

[1] There was also ample evidence to authorize the inference that, even if Arrant had no authority, when he acted, to make such contracts for the defendant, the defendant thereafter ratified the unauthorized act of the agent in this instance, in such sort as to bind itself. It is without dispute that Arrant was, originally when the lease was made and afterwards when it was indorsed as stated, the agent of the defendant for some purposes, and that he was held out to the public and to the plaintiff as such agent. Defendant could not have had offices in Birmingham or carried on a branch business there, except by and through some agent; and it was certainly a jury question that Arrant was its agent for this purpose.

We cannot agree with appellant that there is no evidence in this record to show that Arrant was an alter ego of the defendant corporation, so far as its business in Birmingham was concerned, and that is as far as the question of agency is involved in this suit. The question here presented as to the authority of Arrant is not unlike that presented in the case of Phillips Co. v. Whitney, 109 Ala. 645, 20 South. 333, as to the authority of Hopkins in that case to bind the corporation, and we quote what was there said on the subject as apt in the case at bar:

"We have no doubt that Hopkins was the general agent—the vice principal—of the defendant corporation, and, as to the public and the plaintiff, authorized to make such a contract as that in question, unaffected by any secret limitation of authority not fairly implied in the general nature of the office with which he was invested."

It was certainly a jury question whether Arrant was not all the while the manager of defendant's business in Birmingham, and, if such he was clothed with authority, without special instructions, to make the lease and to indorse it for the defendant, as the undisputed evidence shows he did.

[2] It is often impracticable for a corporation to act through its governing body; hence the acts of persons assuming to represent the corporation and within the line of the business of the corporation, though without authority, may bind the corporation, if the act be subsequently ratified expressly or by acquiescence or by failure to repudiate the act known to have been done. Ala. Bank v. O'Neil, 128 Ala. 192, 29 South. 688; Bibb v. Hall, 101 Ala. 79, 14 South. 98.

The general agent of a foreign corporation engaged in mercantile business has implied authority to lease or rent the premises in which the business is carried on. Rhodes Co. v. Weeden, 108 Ala. 252, 19 South. 318.

[3] Acts or agents or officers of the corporation, if within the scope of the charter powers, or acts without, if ratified, are binding on the corporation. Tenn. R. R. Co. v. Kavanaugh, 93 Ala. 324, 9 South. 395; Id., 101 Ala. 1, 13 South. 283; Bibb v. Hall, supra; Stanley's Case, 83 Ala. 260, 4 South. 34.

[4] The general manager of a mercantile business, carried on by a foreign corporation, has implied authority to execute and renew leases as to the property necessary for carrying on the business, such as storehouse, lands, etc. Phillips v. Whitney, 109 Ala. 647, 20 South. 333.

Unauthorized covenants or warranties, entered into by the president of a corporation, if subsequently ratified by it, are binding on the corporation and its successors. Gilmer's Case, 85 Ala. 422, 5 South. 138.

[5] The general manager of a corporation has implied authority to lease a storehouse belonging to the corporation for the term of one year. Rhodes Co. v. Weeden Co., 108 Ala. 252, 19 South. 318.

It results from what we have said that the trial court did not err in submitting the case to the jury, nor in refusing defendant's requested charges, which in effect requested or directed a verdict for the defendant.

Charge 9, which requested the court to charge the jury that under the undisputed evidence Arrant had no authority to indorse the lease in question, was properly refused. This was a question for the jury.

[6] Charge 5 was properly refused; the defendant might well have been liable, although Arrant did remain in possession after the formal formation of a branch office in Birmingham by the defendant foreign corporation. Under the issues in this case the plaintiff might have been entitled to recover, notwithstanding Arrant had no written authority to execute or to indorse the lease for defendant.

[7] Charge 7 was properly refused, because misleading, and for assuming as proven matters which were in dispute.

[8] Charge 8 was properly refused; it tended to mislead the jury. It was not necessary for Arrant to have had specific authority to assume for defendant the payment for the unexpired term of the lease, in order for defendant to be liable. If Arrant was unauthorized for that purpose, the defendant could have ratified the act, and thereby become bound; and the evidence tended to show such ratification.

We find no error, and the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.