(91 South. 492)

## KIRKLAND v. LAUMER LUMBER CO.
### (6 Div. 493.)

(Supreme Court of Alabama.   Oct. 20, 1921.
Rehearing Denied Nov. 17, 1921.)

Partnership ⬤⟹296(5)—Third party's knowledge of dissolution held for jury.

Evidence as to a course of dealing of a third person with a partnership *held* to make a jury question as to whether the former had knowledge or notice of dissolution before payment was made to the partnership.

Appeal from Circuit Court, Jefferson County; Romaine Boyd, Judge.

Action by J. A. Kirkland against the Laumer Lumber Company on the common counts. Judgment for the defendant, and the plaintiff appeals.   Transferred from Court of Appeals under section 6, p. 449, Acts 1911. Affirmed.

The pleas set up the facts that the defendant purchased some 8 to 10 carloads of lumber from J. A. & M. W. Kirkland, who were partners or who held themselves out as partners, in and about selling and shipping said lumber to defendant, and that on November 12, 1919, this defendant had a settlement with the said J. A. & M. W. Kirkland, and on said settlement this defendant was indebted to the Kirklands in the sum of $165.-26, the amount sued for, and on November 12, 1919, the defendant issued its check on the First National Bank of Birmingham, payable to the order of J. A. & M. W. Kirkland for the sum of $165.26, which said check appears to have been indorsed by J. A. & M. W. Kirkland, and was delivered to the said M. W. Kirkland and accepted by him for said firm in full settlement of said account, and which check was paid by the First National Bank of Birmingham on the 12th day of November, 1919.   Plaintiff avers that this account is the account claimed and sued on in this case, and that the J. A. Kirkland described in this plea and this said check is the party plaintiff in this suit.   The evidence tended to show for the plaintiff that prior to August, 1919, J. A. & M. W. Kirkland were partners doing a sawmill business at Ohatchee, and that it was dissolved on the 1st day of August, 1919, but no notice was given to the defendant of the dissolution; that prior to August 1, 1919, the firm had sold lumber to the defendant, and the checks had been issued by the defendant to the firm for lumber sold it; that the two cars of lumber, making up the account on which this suit was based, were shipped after the 1st day of August, 1919, but within the month; that they were shipped under orders and instructions from the defendant, and the lumber was the property of J. A. Kirkland; that he had not authorized M. W. Kirkland to make the settlement or receive the money; and that he had not received any of the money from M. W. Kirkland or any one else.   It further appeared that at the time the check was given on November 12, 1919, there had been no final settlement of accounts between the members of the firm of J. A. & M. W. Kirkland. Evidence for the defendant tended to show that they had been dealing with the firm of J. A. & M. W. Kirkland for about six months, but had never bought any lumber from J. A. Kirkland individually; that they received the two carloads of lumber, made the basis of this suit, and made an advance payment of $196 by check on August 30, 1919, to the firm of J. A. & M. W. Kirkland, which check was indorsed by J. A. Kirkland, in the firm name, and collected; that the balance due was paid by check November 12, 1919, made payable to J. A. & M. W. Kirkland and delivered to M. W. Kirkland, who receipted the bill in full; that at the time the last check was given defendant had no knowledge of the dissolution of the firm.

Motley & Motley, of Gadsden, for appellant.

The notation on the bill of lading and the correspondence was sufficient to put defendant on notice which, if followed up, would have resulted in actual knowledge of the dissolution.  64 Ala. 514; 67 Ala. 189; 99 Ala. 12, 11 South. 738; 81 Ala. 120, 1 South. 468; 130 Ala. 395, 30 South. 443; 109 Ala. 173, 19 South. 415; 96 Ala. 214, 10 South. 846; 190 Ala. 108, 66 South. 799; 204 Ala. 332, 85 South. 390.

Haley & Haley, of Birmingham, for appellee.

Brief of counsel did not reach the Reporter.

THOMAS, J.  The suit was on the common counts.   There was jury and verdict for the defendant.

The course of dealing of defendant with the firm of J. A. & M. W. Kirkland made a jury question as to whether the former had knowledge or notice of the dissolution of the latter before payment was made by its check to that firm.   The question of law and fact was that of agency as applied to a third party dealing with the firm pursuant to the former course of a mutual business relation. Cooper v. Cooper (Ala. Sup.) 91 South. 82;[1] Winship v. Bank, 5 Pet. 529, 8 L. Ed. 216; Le Roy v. Johnson, 2 Pet. 186, 198, 7 L. Ed. 391; 20 R. C. L. 885; Dadeville U. Warehouse Co. v. Jefferson Fertilizer Co., 194 Ala. 683, 69 South. 918; Dixie Ind. Co. v. Atlas Lbr. Co., 202 Ala. 562, 565, 81 South. 64.   The several charges on the effect of the evidence were properly refused.   McMillan v. Aiken, 205 Ala. 35, 88 South. 135.

In the light of the evidence as to defend-

---

⬤⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] Ante, p. 519.

ant's past business relations with the firm of J. A. & M. W. Kirkland, the positive testimony as to its purchase of the lumber in question by telephone as had been the fact with previous shipments, we cannot say that the evidence overwhelmingly showed its knowledge of facts that amounted to notice of the dissolution of that partnership before and at the time of its payment by check to that partnership for the lumber in question. Mooneyham v. Herring, 204 Ala. 332, 85 South. 390. There was no error in refusing the motion for a new trial. The case is different from that on which rested the decision in L. & N. v. Moran, 190 Ala. 108, 124, 66 South. 799, as to denial of the existence of physical facts as bearing on the plaintiff's contributory negligence. The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.